NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 25-1517

———————

TARIQ WYATT,
                    Appellant

v.

CHRISTINA HAUSER, Registered Nurse SCI-Mahanoy; CAPT. DREHER, Correctional
Officer SCI-Mahanoy; LIEUTENANT DAVIS, Correctional Officer SCI-Mahanoy;
CAPTAIN BANKS, Correctional Officer SCI-Mahanoy; C.O. GUNTHER;
SUPERINTENDENT MAHANOY SCI; DEPUTY WHITE, Deputy Superintendent SCI-
Mahanoy; J. MACKNIGHT, Program Manager SCI-Mahanoy; C. COUNSELOR,
Counselor SCI-Mahanoy; EVANS; J. MAHALLY, Grievance Coordinator SCI-
Mahanoy; F. WALTER, Grievance Coordinator SCI-Mahanoy; A. RODRIGUEZ,
Correctional Officer SCI-Mahanoy; MAJOR SOKALOSKI; N. GUZENSKI,
Correctional Officer; RN AMY BING; C.O. ADAM FRITZINGER; C.O. JOSEPH
FLYNN; JOSEPH DUPONT; RN ANGELA LANDMESSER; JOHN CHUNA

———————————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:22-cv-00092)
District Judge:  Honorable Malachy E. Mannion

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 20, 2026

Before: KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: June 3, 2026)

———————

OPINION[*]
_____

PER CURIAM

Tariq Wyatt appeals pro se the District Court's grant of summary judgment in favor of the defendants. We will affirm.

Wyatt filed suit against numerous officials ("Defendants") employed at the State Correctional Institution at Mahanoy ("SCI-Mahanoy") in Frackville, Pennsylvania, alleging violations of his First, Fifth, Eighth and Fourteenth Amendment Rights. These allegations arose from a series of events that took place over a span of ten days in October 2021. The incidents included a nurse's handling Wyatt's medication without gloves, his one-day placement in a Psychiatric Observation Cell ("POC"), the issuance of several misconducts, cold conditions in the Restricted Housing Unit ("RHU"), officers' utilization of Oleoresin Capsicum ("OC") spray on one occasion, and officers' misplacement of Wyatt's property, which was later returned to him or replaced.

After a period of discovery, Wyatt and Defendants filed cross motions for summary judgment. The District Court granted Defendants' motion, concluding that Wyatt's claims were barred by his failure to exhaust administrative remedies and that, in the alternative, his claims failed on the merits. The District Court denied Wyatt's summary judgment motion. Wyatt timely appealed the District Court's order.[1]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's summary judgment decision. *See Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate where "the movant

2

On appeal, Wyatt argues that the District Court erroneously determined that he had failed to exhaust his administrative remedies because exhaustion was unavailable to him. We disagree.

"Under the [Prison Litigation Reform Act], prisoners who seek to challenge their conditions of confinement must exhaust all available administrative remedies." *Prater v. Dep't of Corr.*, 76 F.4th 184, 203 (3d Cir. 2023) (citing 42 U.S.C. § 1997e(a)). Exhaustion must be complete before the prisoner files suit. *See Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002). To exhaust administrative remedies, an inmate must use each step of the three-part procedure provided by the Pennsylvania Department of Corrections: initial review, appeal to the Facility Manager, and final appeal to the Secretary's Office of Inmate Grievance and Appeals ("SOIGA").

Exhaustion is not required, however, if administrative remedies are not available. *See Ross v. Blake*, 578 U.S. 632, 635 (2016). Relevant here, administrative remedies are not "available" "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644. Nor are administrative remedies available "where a prison official inhibits an inmate from resorting to them through serious threats of retaliation or bodily harm." *Rinaldi v. United States*, 904 F.3d 257, 267 (3d Cir. 2018). Once the defendant establishes that the

---

shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may affirm "on any basis supported by the record." *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

inmate failed to exhaust administrative remedies, it is the inmate's burden to show that the remedies were unavailable to him. *See id.* at 268.

Here, the District Court concluded that Wyatt had failed to appeal any of his grievances to final review. Wyatt does not refute this conclusion in his brief but instead argues that the grievance process was unavailable to him. This argument fails. Wyatt first asserts that his fear of retaliation prevented him from completing the grievance appeals process. But this assertion is undermined by the fact that, during the same timeframe, he was able to appeal eight unrelated grievances to final review. Moreover, Wyatt failed to allege any direct threat from prison officials indicating that his pursuit of grievances would result in his transfer to a different cell block—the consequence he feared. *Cf. Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008) (concluding that "a prison official's serious threats of substantial retaliation against an inmate for lodging or pursuing in good faith a grievance make the administrative remedy 'unavailable[.]'").

His claim that the arduous nature of the grievance process rendered it unavailable to him is also belied by the record. In his complaint, Wyatt asserted, for example, that Defendant Mason would respond to grievance appeals late or not respond at all. However, the record shows that Wyatt received a response to every grievance relevant to his complaint—Wyatt simply did not continue the appeals process. Wyatt also complained that his grievances would often be rejected for not including proper dates or combining too many events in one grievance. But his filing of 154 grievances during his time at SCI-Mahanoy should have given him ample opportunity to familiarize himself with proper procedures. We therefore conclude that the District Court properly granted

4

summary judgment in Defendants' favor based on Wyatt's failure to exhaust his administrative remedies as to his claims affiliated with those grievances.[2]

Accordingly, we will affirm the District Court's judgment.[3] Wyatt's motion requesting that judgment be made solely on his brief is denied.[4]

---

[2] The District Court was incorrect about one grievance, number 951864, which *was* pursued to final review. However, this grievance concerned Defendant Mahally's alleged mishandling of Wyatt's grievances and therefore should have been raised from the denial of the grievances in question. Thus, it was not properly exhausted. *See Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (indicating that, in order to properly exhaust, "a prisoner must complete the administrative review process in accordance with applicable procedural rules[, ] as a precondition to bringing suit in federal court."); *see also Jones v. Bock*, 549 U.S. 199, 200 (2007) (indicating that the procedural rules a prisoner must follow for proper exhaustion are defined by the prison's grievance process itself). And, in any event, as the District Court explained, this claim is meritless.

[3] We have considered Wyatt's remaining arguments on appeal and conclude that they are without merit.

[4] In this motion, Wyatt claims that Defendants failed to timely file their brief in support of the appeal. However, Defendants/Appellees *did* timely file their brief, but Wyatt had not yet received notice of its filing when he submitted this motion.